**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| STEPHEN AUSTEN, derivatively on behalf of SYMBOTIC INC.,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD B. COHEN, CAROL J. HIBBARD, ROLLIN FORD, CHARLES KANE, TODD KRASNOW, VIKAS PAREKH, DANIELA RUS, and MERLINE SAINTIL,<br><br>Defendants,<br><br>and<br><br>SYMBOTIC INC.,<br><br>Nominal Defendant. | Case No.: 1:24-cv-12522-NMG |
| MUKESH KUKREJA and TIMOTHY WELSH, Derivatively on Behalf of SYMBOTIC INC.<br><br>Plaintiffs,<br><br>vs.<br><br>RICHARD B. COHEN, CAROL J. HIBBARD, ROLLIN FORD, CHARLES KANE, TODD KRASNOW, VIKAS J. PAREKH, DANIELA RUS, and MERLINE SAINTIL,<br><br>Defendants,<br><br>and<br><br>SYMBOTIC INC.,<br><br>Nominal Defendant. | Case No.: 1:24-cv-12523-NMG |

**REVISED STIPULATION, JOINT MOTION, AND [PROPOSED] ORDER CONSOLIDATING RELATED SHAREHOLDER DERIVATIVE ACTIONS, APPOINTING CO-LEAD COUNSEL, AND STAYING CONSOLIDATED DERIVATIVE ACTION**

Plaintiffs Stephen Austen, Mukesh Kukreja, and Timothy Welsh and Defendants Richard B. Cohen, Carol J. Hibbard, Rollin Ford, Charles Kane, Todd Krasnow, Vikas J. Parekh, Daniela Rus, and Merline Saintil and Nominal Defendant Symbotic Inc. (collectively, the "Parties"), by and through their undersigned counsel, hereby stipulate and agree as follows, and jointly move for an order approving this Stipulation and staying these actions pending further proceedings in a related securities class action pending before this Court.

WHEREAS, on October 2, 2024, plaintiff Stephen Austen ("Plaintiff Austen") filed a shareholder derivative action on behalf of nominal defendant Symbotic Inc. ("Symbotic" or the "Company") in this Court alleging causes of action for breach of fiduciary duties, unjust enrichment, abuse of control, gross mismanagement, and waste of corporate assets against defendants Richard B. Cohen ("Cohen"), Carol J. Hibbard ("Hibbard"), Rollin Ford, Charles Kane, Todd Krasnow, Vikas Parekh, Daniela Rus and Merline Saintil (the "Individual Defendants" and, together with the Company, "Defendants"), and a cause of action for contribution under Sections 10(b) and 21D of the Securities Exchange Act of 1934 (the "Exchange Act") against Cohen and Hibbard, captioned *Austen v. Cohen et al.*, Case No. 1:24-cv-12522-NMG (the "*Austen* Action");

WHEREAS, on October 2, 2024, plaintiffs Mukesh Kukreja ("Plaintiff Kukreja") and Timothy Welsh ("Plaintiff Welsh," and together with Plaintiff Kukreja and Plaintiff Austen, "Plaintiffs") filed a shareholder derivative action on behalf of nominal defendant Symbotic in this Court against the Individual Defendants alleging causes of action for breach of fiduciary duties, unjust enrichment, abuse of control, gross mismanagement, insider trading, and waste of corporate assets and a cause of action for violation of Section 14(a) of the Exchange Act, captioned *Kukreja et al. v. Cohen et al.*, Case No. 1:24-cv-12523-NMG (the "*Kukreja* Action");

WHEREAS, on November 19, 2024 and November 20, 2024, the Parties filed in the *Kukreja* and *Austen* Actions a Stipulation, Joint Motion, and [Proposed] Order Consolidating Related Shareholder Derivative Actions, Appointing Co-Lead Counsel, and Staying Consolidated Derivative Action. *Kukreja* Action, ECF No. 5; *Austen* Action, ECF No. 10;

WHEREAS on November 21, 2024, Judge Patti B. Saris entered the following electronic order in the *Kukreja* Action: "ENDORSED ORDER entered re 5 Stipulation to Consolidate Derivative Action filed by Mukesh Kukreja, Timothy Welsh. 'The Court Allows Consolidation with the earlier filed case (24-cv-12522) if Judge Gorton agrees.'" *Kukreja* Action ECF No. 6;

WHEREAS, on March 24, 2025, the *Kukreja* Action was reassigned to Judge Nathaniel M. Gorton. *Kukreja* Action, ECF No. 7; WHEREAS the Parties agree that the *Austen* Action and the *Kukreja* Action (together, the "Related Derivative Actions") relate to substantially similar alleged conduct and involve overlapping questions of law and fact, and that the administration of justice would best be served by consolidating the Related Derivative Actions;

WHEREAS the Parties therefore respectfully submit that the Related Derivative Actions should be consolidated pursuant to Federal Rule of Civil Procedure 42(a);

WHEREAS, in order to realize the efficiencies made possible by consolidation of the Related Derivative Actions, Plaintiffs agree that The Brown Law Firm, P.C., the résumé of which is attached hereto as Exhibit A, and Gainey McKenna & Egleston, the résumé of which is attached hereto as Exhibit B, shall be designated as Co-Lead Counsel for plaintiffs in the consolidated derivative action;

WHEREAS, Defendants take no position regarding the appointment of Co-Lead Counsel for Plaintiffs;

WHEREAS, the facts, circumstances, and claims alleged in the *Austen* Action and the *Kukreja* Action are based on and related to allegations in a securities class action pending in

the United States District Court for the District of Massachusetts before Judge Denise J. Casper, captioned *Decker v. Symbotic Inc. et al.*, Case No. 1:24-cv-12976-DJC (the "Securities Class Action");

WHEREAS, the Parties have met and conferred concerning the most efficient manner in which to litigate the Related Derivative Actions during the pendency of the Securities Class Action and agree that resolution of the Securities Class Action will inform the manner in which these Related Derivative Actions proceed; and

WHEREAS, the Parties agree that in the interests of judicial economy and preservation of the Court's and Parties' resources, the proceedings in these Related Derivative Actions should be temporarily stayed under the terms set forth below.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED among the Parties, and upon approval and entry by the Court shall be ORDERED, as follows:

1. The Related Derivative Actions are hereby consolidated for all purposes, including pre-trial proceedings and trial, under Case No. 1:24-cv-12522-NMG (the "Consolidated Derivative Action"):

| **Case Name** | **Case Number** | **Date Filed** |
|---|---|---|
| *Austen v. Cohen et al.* | 1:24-cv-12522-NMG | October 2, 2024 |
| *Kukreja et al. v. Cohen et al.* | 1:24-cv-12523-NMG | October 2, 2024 |

2. Every pleading filed in the Consolidated Derivative Action, or in any separate action included herein, must bear the following caption:

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| IN RE SYMBOTIC INC. STOCKHOLDER DERIVATIVE LITIGATION | ) ) ) ) | Lead Case No. 1:24-cv-12522-NMG |
| This Document Relates To: | ) ) ) | |

ALL ACTIONS. )
)

3. This Order shall apply to each shareholder derivative action that arises out of the same, or substantially the same, transactions, or events as these cases and is subsequently filed in, removed to, reassigned to, or transferred to this Court. When a shareholder derivative action that properly belongs as part of *In re Symbotic Inc. Stockholder Derivative Litigation*, Lead Case No. 1:24-cv-12522-NMG, is hereafter filed in, removed to, or reassigned to this Court, or transferred here from another court, this Court requests the assistance of counsel in calling to the attention of the clerk of the Court the filing, removal, reassignment, or transfer of any case that might properly be consolidated as part of *In re Symbotic Inc. Stockholder Derivative Litigation*, Lead Case No. 1:24-cv-12522-NMG, and counsel are to assist in assuring that counsel in subsequent actions receive notice of this Order. Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Derivative Action shall apply to all later shareholder derivative actions filed in, removed to, transferred to, or reassigned to this Court that involve substantially similar alleged conduct and questions of law and fact as the Consolidated Derivative Action, and such shareholder derivative actions shall be consolidated into the Consolidated Derivative Action.

4. Co-Lead Counsel for Plaintiffs for the conduct of the Consolidated Derivative Action shall be:

**THE BROWN LAW FIRM, P.C.**
Elizabeth Donohoe
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: edonohoe@thebrownlawfirm.net
Email: tbrown@thebrownlawfirm.net

**GAINEY McKENNA & EGLESTON**
Gregory M. Egleston
Thomas J. McKenna

260 Madison Avenue, 21st Fl.
New York, NY 10016
Telephone: (212) 983-1300
Fax: (212) 983-0383
Email: gegleston@gme-law.com
Email: tjmckenna@gme-law.com

5. Plaintiffs' Co-Lead Counsel shall have the sole authority to speak for Plaintiffs in all matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

6. Co-Lead Counsel shall be responsible for coordinating all activities and appearances on behalf of Plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any plaintiffs except through Co-Lead Counsel.

7. Defendants' counsel may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representative of Co-Lead Counsel, and such agreements shall be binding on all plaintiffs. Defendants otherwise take no position on the appointment of Co-Lead Counsel.

8. All proceedings and deadlines in the Consolidated Derivative Action, including all deadlines for responding to the complaints, shall be temporarily stayed.

9. The temporary stay of proceedings shall remain in effect until either (1) the Securities Class Action is dismissed, with prejudice, and all appeals related thereto have been exhausted; (2) Defendants file an answer to any complaint in the Securities Class Action; or (3) the Court enters an order lifting the stay.

10. Any of the Parties to this Stipulation may request that the Court lift the stay by giving ten (10) days' notice via email to the undersigned counsel for the other Parties that they believe that good cause exists to lift the stay and thereafter bringing the matter to the Court's attention and requesting that the stay be lifted, and the other Parties reserve all rights to oppose such a request to lift the stay. In the event that a related derivative action is filed and is not

consolidated with the Consolidated Derivative Action, prior to responding to the complaint filed in the related derivative action, Defendants will attempt in good faith to achieve a stay of the related derivative matter for a duration equal to or longer than the duration of the Consolidated Derivative Action. If the related derivative matter is not stayed for a duration equal to or longer than the Consolidated Derivative Action, Plaintiffs may request that the Court lift the stay in the manner described above, in which event Defendants may not oppose said request.

11. After either (1) entry of an order dismissing the Securities Class Action, with prejudice, and all appeals related thereto have been exhausted; (2) Defendants' filing of an answer to any complaint in the Securities Class Action; or (3) entry of an order lifting the stay, the Parties shall meet and confer in good faith and propose either a further stay or a schedule for the Consolidated Derivative Action.

12. This Stipulation is without prejudice to any and all defenses Defendants may assert in the Related Derivative Actions, the Consolidated Derivative Action, or the Securities Class Action and without prejudice to any and all claims Plaintiffs may assert in the Related Derivative Actions or in the Consolidated Derivative Action.

13. The Parties agree Defendants shall promptly notify Plaintiffs of any related derivative actions or threatened derivative actions (*i.e.*, books and records inspection demands or litigation demands) that appear in Defendants' good faith judgment to be related to the Consolidated Derivative Action.

14. The Parties agree that Defendants shall inform Plaintiffs promptly upon the scheduling of any mediation or settlement talks with the plaintiff in the Securities Class Action and shall make a good faith effort to include Plaintiffs in any mediation or settlement talks with the plaintiffs in the Securities Class Action. In the event that Defendants' good faith efforts do not result in including Plaintiffs in the mediation with plaintiff in the Securities Class Action,

then Defendants agree to mediate in good faith with Plaintiffs in the Consolidated Derivative Action at or about the same time. The Parties further agree that Defendants shall inform Plaintiffs promptly upon the scheduling of any mediation or settlement talks with any other derivative plaintiffs who have asserted claims substantially similar to the claims asserted by Plaintiffs herein and shall include Plaintiffs in any such mediation or settlement talks and negotiate in good faith with Plaintiffs to attempt to reach a resolution of said derivative claims.

15. The Parties agree that notwithstanding this stay of this Consolidated Derivative Action, Plaintiffs may file an amended complaint; however, Defendants need not answer or otherwise respond to the Complaint or to any other complaint or amended complaint that is filed in or consolidated with the above-captioned action during the pendency of this stay.

16. In the event that Defendants agree to produce, or any of them are ordered to produce by a court of competent jurisdiction, any documents in the Securities Class Action or in any related derivative litigation, or pursuant to any shareholder demand for an inspection of books and records on behalf of Symbotic, then copies of such documents shall be provided to Counsel for Plaintiffs within ten (10) days of such production, subject to the execution by Plaintiffs of a reasonable confidentiality agreement governing the use and disclosure of these materials. The provision of any such materials will not constitute a waiver of, or in any way limit, Defendants' right to move to dismiss the Consolidated Derivative Action on any applicable ground, including but not limited to failure to adequately plead demand futility, or make a pre-demand suit.

17. All papers and documents previously filed and/or served in the Related Derivative Actions shall be deemed a part of the record in the Consolidated Derivative Action. Any documents provided to Plaintiffs that have been provided pursuant to any shareholder demand for an inspection of the books and records on behalf of Symbotic shall be deemed to be incorporated by reference as if set forth fully therein in any amended complaint served in

the Consolidated Derivative Action.

18. All *pro hac vice* applications granted in any of the Related Derivative Actions shall be deemed to apply to the Consolidated Derivative Action.

**IT IS SO STIPULATED.**

Respectfully submitted,

DATED: June 13, 2025

**THE BROWN LAW FIRM, P.C.**

By: /s/ Elizabeth Donohoe
Elizabeth Donohoe (BBO #716357)
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: edonohoe@thebrownlawfirm.net
Email: tbrown@thebrownlawfirm.net

*Counsel for Plaintiff Stephen Austen*
*and [Proposed] Co-Lead Counsel for Plaintiffs*

DATED: June 13, 2025

**LAW OFFICE OF MICHAEL P. UTKE, LLC**

By: /s/ Michael P. Utke
Michael P. Utke
P.O. Box 360 Pepperell, MA 01463
Telephone: (617) 314-6600
Email: mutke@utkelaw.com

*Counsel for Plaintiffs Mukesh Kukreja*
*and Timothy Welsh*

**GAINEY McKENNA & EGLESTON**

Gregory M. Egleston
Thomas J. McKenna
260 Madison Avenue, 22nd Floor
New York, New York 10016
Phone: (212) 983-1300
Fax: (212) 983-0383
Email: gegleston@gme-aw.com
Email: tjmckenna@gme-law.com

*Counsel for Plaintiffs Mukesh Kukreja and Timothy Welsh*
*and [Proposed] Co-Lead Counsel for Plaintiffs*

DATED: June 13, 2025

**WILMER CUTLER PICKERING HALE AND DORR LLP**

By: /s/ Elizabeth E. Driscoll
Michael G. Bongiorno (BBO #558748)
Andrew S. Dulberg (BBO #675405)
Elizabeth E. Driscoll (BBO #705302)
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
Email: Michael.Bongiorno@wilmerhale.com
Email: Andrew.Dulberg@wilmerhale.com
Email: Elizabeth.Driscoll@wilmerhale.com

*Counsel for Defendants*

* * *

**~~[PROPOSED]~~ ORDER**

**APPROVED AND SO ORDERED.**

DATED: 11/21/2025

Judge Nathaniel M. Gorton
United States District Judge